UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RANDY CLEMENT, JR.                          CIVIL ACTION

VERSUS                                      NO. 21-1346

CROSBY TUGS, LLC, ET AL.                    SECTION "R"

## ORDER AND REASONS

Before the Court is Travelers Syndicate Management Ltd.'s ("Travelers") motion for summary judgment.[1]  Plaintiff Randy Clement, Jr. opposes the motion.[2]  For the following reasons, the Court grants the motion.

## I.    BACKGROUND

This case arises out of a seaman's partial loss of his index finger while working on the Outer Continental Shelf.  Randy Clement, Jr. was a seaman employed by Crosby Tugs, LLC.  On July 17, 2018, Clement was working on the Outer Continental Shelf.  He was assigned as a member of the crew of Crosby Tugs's offshore supply vessel, M/V CROSBY CRUSADER, which was

---

[1]    R. Doc. 12.
[2]    R. Doc. 17.

1

working in concert with the derrick barge ARAPAHO, which was owned or operated by Epic Companies, LLC.

Clement was preparing to transfer an anchor buoy from the deck of the M/V CROSBY CRUSADER to the DB ARAPAHO by means of a crawler crane, located on the DB ARAPAHO.  Because of the M/V CROSBY CRUSADER's position and the location of the crane on the DB ARAPAHO, Clement was not visible to the crane operator.  The crane operator used a spotter for directions regarding the transfer.  Both the crane operator and spotter were employed by Epic and assigned as crewmembers of the DB ARAPAHO.

Prior to the transfer, Clement connected the crane's cable to the anchor buoy's cable and began removing the anchor buoy's cable from the "norman pin."  As Clement was removing the cable from the norman pin, the crane operator began to lift the buoy.  Clement attempted to release his hold, but his glove snagged on the cable, and his index finger was smashed between the cable and the norman pin.  The incident ultimately resulted in the partial loss of his index finger.

Clement sued Crosby Tugs, LLC, alleging Jones Act negligence, unseaworthiness of the M/V CROSBY CRUSADER, and claims under the

general maritime law "as may be supplemented by applicable state law."[3] Although plaintiff alleges that Epic's negligence contributed to his injuries, Epic had filed for bankruptcy relief in Texas federal court, so plaintiff did not sue Epic. Instead, plaintiff added a direct-action claim against Epic's insurer, Travelers Syndicate Management Ltd. as the Managing Agent of Lloyd's Syndicate 5000 and the Underwriting Members of Lloyd's Syndicate 5000 For The 2018 Year of Account (incorrectly named in the complaint as Underwriters at Lloyd's London). Travelers held a protection and indemnity policy with Epic, as the owner of the ARAPAHO. The policy provides coverage to Epic for Epic's negligence. Travelers was sued in its individual capacity under the Louisiana direct-action statute, La. R.S. § 22:1269(B)(1)(a).

Travelers now seeks summary relief dismissing Clement's claims against it on the ground that he has no right of direct action because the incident occurred on the Outer Continental Shelf, rather than in Louisiana, and because the Epic insurance policy was not issued or delivered in Louisiana.

---

[3]      R. Doc. 1 ¶ 2.

## II.    LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence

which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).  "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III.   DISCUSSION

Travelers submits that it is entitled to summary judgment because plaintiff may not maintain a direct action against it as Epic's insurer.

The Louisiana Direct-Action Statute allows an injured party to "proceed directly against tortfeasors' insurers in certain circumstances[,]" such as "when an insured tortfeasor is insolvent." *Todd v. Steamship Mut. Underwriting Ass'n, Ltd.,* 601 F.3d 329, 331, 333 (5th Cir. 2010). "[E]nacted to give special rights to tort victims" by allowing the injured party directly to sue insurance companies of the party allegedly at fault, the Louisiana direct-action statute "grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured." *Green v. Auto Club Grp. Ins. Co.,* 24 So. 3d 182, 184 (La. 2009) (citations omitted). But this right of direct action exists only if the plaintiff establishes that (1) the policy was written in Louisiana; (2) the policy was delivered in Louisiana; or (3) "the accident or injury occurred within the state of Louisiana." La. R.S. § 22:1269; *see also Grubbs v. Gulf Int'l Marine, Inc.,* 13 F.3d 168, 170 (5th Cir. 1994); *Menard v. Gibson Applied Tech. & Eng'g, Inc.,* No. 16-498, 2017 WL

6

6610466, at *2 (E.D. La. Dec. 27, 2017) (Vance, J.); *see also Quarles v. Helmerich & Payne Int'l Drilling Co.*, No. 16-2038, 2017 WL 2634203, at *2 (E.D. La. June 19, 2017) (Milazzo, J.); *Bratkowski v. Aspen Ins. UK, Ltd.*, No. 15-900, 2015 WL 3773080, at *2 (E.D. La. June 17, 2015) (Feldman, J.).

It is undisputed that Travelers issued the relevant policy from its London office, and that the policy was delivered to Epic's office in The Woodlands, Texas.[4]  Although the direct-action statute permits a direct action when bankruptcy proceedings have been filed by the underwriters' insured, regardless of whether the policy was issued or delivered in Louisiana, the statute expressly states that such a right of action exists "provided the accident or injury occurred within the state of Louisiana."  La. R.S. § 22:1269(B)(2).  Here, it is undisputed that plaintiff's injury occurred on the Outer Continental Shelf, specifically, Block 426 of the West Cameron Area of the Gulf of Mexico, outside of the boundaries or territory of the state of Louisiana.  Because Clement was not injured in Louisiana, he has no right of action against Travelers.  *See, e.g.*, *Signal Oil & Gas Co. v. Barge W-701*, 654 F.2d 1164, 1175 (5th Cir. Unit A 1981) (holding that the direct-action statute did not apply when the policy was written and delivered out of state, and the "accident occurred in the Gulf of Mexico, well beyond the boundaries

---

[4]     Travelers's evidence on this point is uncontroverted.

of the state"); *see also Joyner v. Ensco Offshore Co.*, No. 99-3754, 2001 WL 333114, at *2-3 (E.D. La. Apr. 5, 2001) (holding that causes of action arising on the Outer Continental Shelf do not meet the situs requirement of Louisiana's direct-action statute).

Multiple sections of the Court apply the direct-action statute as written, uniformly holding that there is no direct right of action against an insured, if the accident or tort occurred on the Outer Continental Shelf in the Gulf of Mexico. *See, e.g.*, *Menard*, 2017 WL 6610466, at *2 (Vance, J.); *Quarles*, 2017 WL 2634203, at *2 (Milazzo, J.); *Bratkowski*, 2015 WL 3773080, at *2 (Feldman, J.). In spite of these authorities, plaintiff urges this Court to fashion a remedy given that Epic has been liquidated, and recovery for its negligence is now impossible. The Court is not persuaded that it may fashion a remedy in contravention of the plain text of the Louisiana direct-action statute.

Plaintiff acknowledges that Travelers invokes Fifth Circuit cases and cases within this District holding that a plaintiff may not maintain a direct action against an insurer when the claimed injury occurred outside the state of Louisiana on the Outer Continental Shelf. He seeks to distinguish these cases on the grounds that none involve an insured defendant that filed for bankruptcy relief, much less one that was actually liquidated in bankruptcy

and that no longer exists.  Plaintiff urges the Court to fashion a remedy under these circumstances or else he will be denied complete relief, as he is unable to recover general maritime remedies for the portion of fault which may be apportioned to Epic due to its liquidation in Texas bankruptcy proceedings. Be that as it may, the Court declines to contravene the statutory text.  As explained, the Court finds that, applying the direct-action statute as written, Clement has no right of action against Travelers because his injury occurred on the Outer Continental Shelf, not in Louisiana.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Travelers's motion for summary judgment.  Plaintiff's direct action against Travelers is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this ___31st___ day of January, 2022.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE